IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CYNTHIA MARSHALL       :

v.                     :   CIVIL ACTION NO. AMD-00-1440

GIANT FOOD STORES      :
              ..oOo..

**MEMORANDUM**

On May 18, 2000, the plaintiff, a Columbia, Maryland resident, filed the instant *pro se* action alleging race and disability discrimination related to the termination of her employment. Pending the plaintiff's compliance with the directives contained in this Memorandum and attached Order, the Court shall reserve ruling on the plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.

The plaintiff states that she was terminated from her employment with Giant Food Stores on October 16, 1999. (Paper No. 1.) She claims that she filed charges with the Equal Employment Opportunity Commission ("EEOC") and that she received an EEOC "Right to Sue" letter on or about February 20, 1999. (*Id.* at 3.)

It is not clear from the documents submitted by the plaintiff in support of her complaint whether she has exhausted available administrative remedies and, if she has done so, whether she has file her complaint with this Court in a timely manner. Plaintiff alleges that she filed charges with the EEOC, a requirement under the statute and caselaw. *See* 42 U.S.C. § 2000e-5; *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993); *Riley v. Technical and Mg't. Suc. Corp.*, 872 F. Supp. 1454, 1459-60 (D.Md. 1995), *aff'd*, 79 F.3d 1141 (4th Cir. 1996). However, Ms. Marshall seemingly claims that the EEOC issued a Right to Sue letter on February 20, 1999, almost nine

months prior to when the alleged discriminatory conduct was alleged to have occurred. (Paper No. 1 at 3, §§ 8-10.) The Right to Sue letter does not accompany the complaint. Instead, plaintiff has filed the April 3, 2000 state agency decision associated with her unemployment insurance claim. (*Id.* at Attachment.)

In order to demonstrate whether she has exhausted administrative remedies in a timely manner, the plaintiff shall be granted an additional twenty (20) days to supplement her complaint by filing all documents related to the EEOC decision, including, but not limited to, the Right to Sue letter she allegedly received on or about February 20, 1999. The complainant is cautioned that her failure to file a timely and appropriate supplement will result in the dismissal of this cause of action without further notice from this Court.

A separate Order shall be entered in compliance with the opinion set out above.

5/22/2000
Date

Andre M. Davis
United States District Judge